**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                          BKY 13-43174
                                                                                Chapter 13
Armando and Barbara Hernandez,

          Debtors.

**NOTICE OF HEARING AND MOTION OBJECTING TO DISCHARGE**

TO:  All parties in interest pursuant to Local Rule 9013-3.

1.      Kyle L. Carlson, chapter 13 trustee, moves the court for the relief requested below and gives notice of hearing.

2.      The court will hold a hearing on this motion at 9:30 a.m. on October 3, 2013, in in Courtroom 8 West, 8th Floor, U.S. Courthouse, 300 South 4th Street, Minneapolis, MN 55415.

3.      Any response to this motion must be filed and served not later than September 27, 2013, which is five days before the time set for the hearing (including Saturdays, Sundays and legal holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.      This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this chapter 13 case was filed on June 26, 2013.  The case is now pending in this court.

5.      This motion arises under 11 U.S.C. § 1328.  This motion is filed under Fed. R. Bankr. P. 4004(a) and 9014 and Local Rules 2015-1, 4004-1, 9013-1 through 9013-5, and such other Local Rules as may pertain.  The trustee requests relief with respect to an order denying the debtor's discharge under 11 U.S.C. § 1328(f).

6.      The debtors previously filed a case under chapter 7 of title 11, United States Code, on June 14, 2010, case no. 10-44487, for which they received a discharge on October 5, 2010.

7.      11 U.S.C. § 1328(f) states:

Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge -

(1)      in a case filed under chapter 7, 11, or 12 of this title during the four-year period preceding the date of the order for relief under this chapter, or

(2)      in a case filed under chapter 13 of this title during the 2-year period preceding the date  of such order

FED. R. BANKR. P. 4004(a), as amended effective December 1, 2010, states, in relevant part: "In a chapter 13 case, a motion objecting to the debtor's discharge under § 1328(f) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).  At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney."

9.      The first date set for the debtor's meeting of creditors was July 19, 2013; therefore, this motion is timely under FED. R. BANKR. P. 4004(a).

WHEREFORE, the trustee moves the court for an order that the debtors are ineligible to receive a discharge by reason of 11 U.S.C. § 1328(f), and such other relief as may be just and equitable.

Dated:  8/30/13

/e/ Kyle L. Carlson
Kyle L. Carlson
Chapter 12 & 13 Trustee
PO Box 519
Barnesville, MN  56514
218-354-7356

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Case No. 13-43174 |
| | Chapter 13 |
| Armando and Barbara Hernandez, | |
| Debtors. | |

## MEMORANDUM OF FACTS AND LAW

### I.    FACTS

The facts necessary to a determination of this motion are outlined in the attached verified motion. Essentially, the debtors have a prior discharge in a chapter 7 case filed less than four years prior to the filing of the present case, which makes them ineligible to receive a discharge under 11 U.S.C. § 1328(f).

### II.    LEGAL DISCUSSION

The statute in question, 11 U.S.C. § 1328(f), reads as follows:

Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge –

(1)    in a case filed under chapter 7, 11, or 12 of this title during the four-year period preceding the date of the order for relief under this chapter, or

(2)    in a case filed under chapter 13 of this title during the 2-year period preceding the date  of such order

11 U.S.C. § 1328(f).

The debtors' prior chapter 7 case was both filed and discharged less than four years prior to the filing of the present case; therefore, they are ineligible to receive a discharge in this case under § 1328(f)(1).

### III.    CONCLUSION

For the reasons stated herein, the trustee respectfully requests that the attached proposed order be entered.

Dated:  8/30/13

/e/ Kyle L. Carlson
Kyle L. Carlson
Chapter 12 & 13 Trustee
PO Box 519
Barnesville, MN  56514
218-354-7356

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                    BKY 13-43174
                                                                          Chapter 13
Armando and Barbara Hernandez,

                Debtors.

**ORDER DENYING DISCHARGE**

This case is before the court on the motion of trustee Kyle L. Carlson for an order denying the debtors' discharge.  Based on the motion and file,

IT IS ORDERED:

The debtors' discharge is denied.


Dated:

_____

Robert J. Kressel
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                                    BKY 13-43174
                                                                          Chapter 13

Armando and Barbara Hernandez,

                Debtors.

## UNSWORN DECLARATION FOR PROOF OF SERVICE

The undersigned, being an employee of the standing chapter 13 trustee, declares that on the date indicated below, I served the attached Notice of Hearing and Motion Objecting to Discharge, Memorandum of Facts and Law and proposed Order upon all entities named below:

**By first class U.S. mail, postage prepaid:**

Armando and Barbara Hernandez
10147 James Ave NE
Monticello, MN 55362-4318

**By e-mail notifications under CM/ECF on the day e-filed with the Court:**

United States Trustee

James P. Agosto
Agosto Law Office

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: 8/30/13

                                        /e/ Patricia Halverson
                                        Patricia Halverson
                                        Chapter 13 Office